FILED
CLERK, U.S. DISTRICT COURT

MAY 12 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| BRIAN KIM,<br><br>  Petitioner,<br><br>v.<br><br>LYDIA C. HENSE, WARDEN,<br><br>  Respondent. | Case No. EDCV 08-00138-AHM (AN)<br><br>ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the file, including the Magistrate Judge's Report and Recommendation ("R&R"), and Petitioner's Objections, *de novo*. IT IS ORDERED that:

1. The Court finds the Objections principally repeat arguments that Petitioner raised in his claims for relief and lacks merit for the reasons discussed in the R&R. Therefore, the Objections are overruled.

2. The sentence at page 24, lines 5-7 of the R&R that states "This claim fails to allege a deprivation of federal rights because there is no constitutionally recognized psychotherapist-patient privilege. *Henry v. Kernan*, 197 F.3d 1021, 1031 (9th Cir. 1999)[,]" is hereby deemed to be stricken and replaced with the following:

   This claim fails to allege a deprivation of federal rights because
   there is no constitutionally recognized psychotherapist-patient privilege,

only a federal evidentiary one. *Henry v. Kernan*, 197 F.3d 1021, 1031 (9th Cir. 1999) ("Although the Supreme Court, in *Jaffee v. Redmond*, 518 U.S. 1, 8, 116 S. Ct. 1923 (1996), recognized a psychotherapist-patient privilege, it looked exclusively to the Federal Rules of Evidence for authorization.") In *Henry*, the Ninth Circuit emphasized the petitioner "pointed to no Supreme Court or Ninth Circuit case which recognizes a constitutional privilege for psychotherapist-patient communications, nor any cases which use *Jaffee* to support a constitutional psychotherapist-patient privilege. Therefore, at best, [the petitioner's] challenge to the admissibility of [the doctor's] testimony and notes is a challenge to an evidentiary ruling based on state law." *Id.*; *Compare with Parle v. Runnels*, 505 F.3d 992, 930 n.11 (9th Cir. 2007) (recognizing that "*the right to privacy* of a patient's communications with his psychotherapist is grounded in the federal and state constitutions") (emphasis added). Here, under California law, Petitioner was not entitled to have Dr. Ali's testimony excluded on the basis of a psychotherapist-patient privilege. *See* Cal. Evid. Code § 998 (California has no physician-patient privilege in criminal proceedings); *see also Henry*, 197 F.3d at 1031 n.6. Moreover, the privilege, whether based on state law or federal constitutional law's right to privacy under *Parle*, is waived where, as here, the defendant placed his mental state in issue or "without coercion, has disclosed a significant part of the communication . . . ." Cal. Evid. Code § 912(a). As further discussed below, Petitioner voluntarily disclosed the content of his discussions with Dr. Ali to the police during the interview and later to his step-brother.

As modified above, the R&R is approved and adopted.

///

3. Judgment shall be entered denying the First Amended Petition and dismissing this action with prejudice.

4. All motions are denied as moot and terminated.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve a copy of this Order and the Judgment on all counsel or parties of record.

Dated: May 11, 2009

_____
A. HOWARD MATZ
UNITED STATES DISTRICT JUDGE